[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10897
Non-Argument Calendar
_____

D. C. Docket No. 6:12-cv-01423-GKS-GJK


CHRISTOPHER GILSON,
on his own behalf and others similarly situated,

Plaintiff - Appellant,

STEPHEN HINZ,

Opt-In Plaintiff - Appellant,

versus

INDAGLO, INC.
a Florida profit corporation,
d.b.a. Country Club Motors of Melbourne,
CHARLES HENLEY,
individually,

Defendants - Appellees.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 31, 2014)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Appellants Christopher Gilson and Stephen Hinz appeal the district court's grant of the judgment as a matter of law in favor of Appellees Indaglo, Inc. and Charles Henley. This case arose out of Appellees' alleged failure to pay minimum wages to Appellants as required by 29 U.S.C. §§ 206(a) and 216(b) of the Fair Labor Standards Act (FLSA). The district court granted judgment as a matter of law because, based on the evidence at trial, no reasonable juror could conclude Appellees violated the FLSA. After careful review of the record, we affirm.[1]

Appellants argue the evidence at trial was sufficient to trigger the FLSA's burden-shifting analysis because the Appellees' employment records were "inaccurate and inadequate." *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), *superceded by statute on other grounds as stated in Carter v. Panama Canal Co.*, 463 F.2d 1289, 1293 (D.C. Cir. 1972) . Appellants contend they needed to produce evidence showing only the amount of uncompensated work

---

[1] We review de novo a district court's grant of a Rule 50 motion for judgment as a matter of law, considering all evidence in the light most favorable to the non-moving party. *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1259 (11th Cir. 1999) (en banc). To affirm a judgment as a matter of law, we must decide "no reasonable juror could reach a contrary decision." *Carruthers v. BSA Adver., Inc.,* 357 F.3d 1213, 1215 (11th Cir. 2004) (citation omitted). The non-movant must put forth "more than a mere scintilla of evidence suggesting that reasonable minds could reach differing verdicts." *Abel v. Dubberly*, 210 F.3d 1334, 1337 (11th Cir. 2000). "Rather, there must be a substantial conflict in evidence to support a jury question." *Carter v. City of Miami*, 870 F.2d 578, 581 (11th Cir. 1989).

"as a matter of just and reasonable inference," not evidence of the "precise amount of worked performed." *See Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1316 (11th Cir. 2007).

We conclude Appellants failed to introduce "more than a mere scintilla of evidence," *Abe v. Dubberly*, 210 F.3d 1334, 1337 (11th Cir. 2000), suggesting the employment records were inaccurate. For example, Appellants rely on alleged inconsistencies between the sales commission sheets and the employee time calendar, as sales commissions were credited to Appellants' accounts on days when Appellants were calendared as not working. Appellants did not dispute, however, that sales commission dates reflected the day when the sale paperwork was completed, not when the salesperson initiated the sale. Appellants likewise failed to produce documentary evidence or state with specificity particular dates on which their actual work hours were not accurately reflected in the employer's records. In sum, no reasonable juror could conclude the evidence at trial was sufficient to trigger the FLSA's burden-shifting analysis.

Even assuming Appellants triggered the FLSA's burden-shifting analysis, Appellants failed to introduce sufficient evidence supporting a "just and reasonable inference," *Allen*, F.3d at 1316, that they were compensated below the minimum wage. For instance, though Appellants testified they sometimes worked through automatically deducted lunch breaks, Appellants did not estimate the number of

3

days on which they did not take a lunch.  Similarly, Hinz testified he worked 52-54 hours per week and Gilson testified he worked 50-60 hours per week, but neither could recall the hours worked in any particular week.  On this record, no reasonable juror could make a just and reasonable approximation of Appellants' undercompensated work hours.

In light of the foregoing, we conclude the district court did not err in granting the judgment as a matter of law to Appellees Indaglo, Inc. and Charles Henley.

**AFFIRMED.**